**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ASHLEY NORWOOD, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>ARMADA WAREHOUSE SOLUTIONS, LLC,<br><br>                Defendants. | Case No. 21-CV-900 |

## ARMADA WAREHOUSE SOLUTIONS, LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Armada Warehouse Solutions, LLC ("Armada"), by its counsel, hereby gives notice of removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

### I. FACTUAL BACKGROUND

1. On January 19, 2021, Plaintiff Ashley Norwood ("Plaintiff") filed a Class Action Complaint ("Complaint") in the Circuit Court of Cook County, Illinois, styled *Norwood v. Armada Warehouse Solutions, LLC*, Case No. 2021-CH-00240. The Complaint named Armada as a defendant, and was served on Armada on January 19, 2021. A copy of all process, pleadings, and orders served upon Armada with respect to this action are attached as Exhibit A to the Declaration of Kenneth D. Walsh, attached hereto as Exhibit 1.

1

2.	A true and correct copy of the Circuit Court of Cook County docket as of February 18, 2021 is attached as Exhibit B to the Declaration of Kenneth D. Walsh, attached hereto as Exhibit 1.

3.	Plaintiff's Complaint alleges that Armada has purportedly violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 ("BIPA") by, among other things: (1) failing to inform Plaintiff and class members that their biometric information was being collected; (2) failing to inform Plaintiff and class members of the specific purpose and length of time for which their biometric information was being collected, stored, and used; (3) failing to create a publicly available retention schedule concerning biometric information; and (4) failing to receive written authorization from Plaintiff and class members concerning the collection, capture, and/or use of biometric information and/or identifiers. *See* Compl. ¶ 15. Plaintiff thus alleges a minimum of three purported violations of BIPA. He seeks damages for each reckless or negligent violation of the statute, and he also seeks injunctive relief compelling Armada to comply with BIPA. *Id.* at ¶¶ 76-103.

4.	Plaintiff's claims are premised on the same underlying operative factual allegations, namely that Plaintiff worked for Armada and that "Plaintiff was required to 'clock-in' and 'clock-out' using a timeclock that operated, at least in part, by scanning Plaintiff's fingerprint." *Id.* at ¶ 33. According to Plaintiff, he was "required to scan at least one finger, multiple times, so Defendant could create, collect, capture, construct, store, use, and/or obtain a biometric template for Plaintiff." *Id.* at ¶ 34. Plaintiff further alleges that he "has never been informed of the specific limited purposes or length of time for which Defendant collected, stored, or used his biometrics," nor has he "been informed of any biometric data retention policy developed by Defendant, nor has he ever been informed of whether Defendant will ever permanently delete his biometrics." *Id.* at

¶¶ 38-39. He further alleges that he has "never been provided with nor ever signed a written release allowing Defendant to collect, capture, store, or otherwise obtain his fingerprint(s), handprint, hand geometry or other biometrics." *Id.* at ¶ 40.

5. Based on these and other allegations, Plaintiff asserts claims arising under BIPA and seeks declaratory and injunctive relief as well as statutory damages and attorneys' fees and costs. *Id.* at ¶¶ 76-103. Plaintiff seeks to bring his claims against Defendants on behalf of a proposed class of:

> All persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant in Illinois during the applicable statutory period.

*Id.* at ¶ 71.

6. Plaintiff alleges that he is a citizen of Illinois. *Id.* at ¶ 1.

7. Plaintiff alleges that "Defendant Armada Warehouse Solutions, LLC is a Pennsylvania corporation with places of business in Illinois." *Id.* at ¶ 2. In reality, Armada is a Pennsylvania limited liability company with a principal place of business in Pennsylvania. *See* Declaration of Brian McGowan, attached hereto as Exhibit 2, at ¶ 3. As a limited liability company, Armada has a single member – Armada Partners, L.P. – which is a citizen of Delaware. *Id.*

## II. REMOVAL IS PROPER AS THIS COURT HAS DIVERSITY JURISDICTION

8. Removal is proper under 28 U.S.C. § 1332(a) because complete diversity between the parties exists, and the amount of damages in question exceeds the $75,000 threshold.

9. District courts have jurisdiction over cases in which the parties are citizens of different states and the amount in question exceeds $75,000. 28 U.S.C. § 1332(a). "The citizenship of a limited liability company for diversity jurisdiction purposes is the citizenship of each of the limited liability company's members." *Mathes v. Bayer Corp.*, No. 09-cv-630, 2009 U.S. Dist.

3

LEXIS 75048 *9 (S.D. Ill. August 24, 2009); *see also Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (for purposes of diversity jurisdiction, a limited liability company is treated like a partnership and takes on the citizenship of all members). A human being is a citizen of the state of his domicile—the state he considers his permanent home. *Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991).

10. Here, Armada is a Pennsylvania limited liability company, and its lone member is a Delaware limited partnership with a principal place of business in Pittsburgh, Pennsylvania. *See* McGowan Decl. at ¶ 3. Therefore, Armada is not a citizen of Illinois. Plaintiff alleges that he is a citizen of Illinois. *See* Compl. at ¶ 1, Accordingly, Armada and Plaintiff are citizens of different states, and complete diversity between the parties exists.

11. This case also satisfies the minimum amount in controversy threshold of $75,000. *See* 28 U.S.C. 1332(a). Plaintiff asserts at least three violations of BIPA and seeks to recover $5,000 in damages for each reckless violation of BIPA. Compl. at ¶¶ 76-103 (alleging violations of Sections 15(a), 15(b) and 15(d) of BIPA); *see also id.* at p. 17, Prayer for Relief Subsection D (seeking $5,000.00 in liquidated damages "for each" willful and/or reckless violation of the Act).

12. While Plaintiff does not allege the duration of his employment for Armada, human resources records, maintained in the ordinary course of business, demonstrate that he was employed from December 27, 2016 through March 3, 2017. *See* McGowan Decl. at ¶ 4. According to Plaintiff, "each and every time [he] began and ended his workday, in addition to clocking in and out for lunches, he was required to scan his fingerprint using the biometric timeclock device." Compl. ¶ 37.

13. Thus if Plaintiff prevails on his claims as alleged ($5,000 for each reckless violation at four "scans" per day – clocking in and out both for the day and for lunch breaks, or $20,000 per

4

day – for a several month time period), Plaintiff's individual claims are well in excess of the $75,000 threshold required for diversity jurisdiction. *See, e.g.*, *Cothron v. White Castle System*, No. 19 CV 00382, 2020 U.S. Dist. LEXIS 141391 (N.D. Ill. Aug. 7, 2020) (holding a "per scan" violation theory of damages under BIPA is plausible). Accordingly, the amount in controversy far exceeds the $75,000 jurisdictional threshold, complete diversity between the parties exist, and this Court has diversity jurisdiction over this case under. 28 U.S.C. § 1332(a).

### III. REMOVAL IS PROPER PURSUANT TO THE CLASS ACTION FAIRNESS ACT

14. Plaintiff's claims are also removable because the Class Action Fairness Act ("CAFA") provides this Court with jurisdiction. *See* 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (i.e., minimal diversity exists); (2) the proposed class consists of more than 100 members; and (3) the amount in controversy is $5 million or more, aggregating all claims and exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B). As established below, each of these requirements is met.

**A.    Minimal Diversity**

15. Minimal diversity is established under CAFA because Plaintiff and one or more members of the proposed class are citizens of different states from Armada. *See* 28 U.S.C. § 1332(d)(2)(A).

16. According to the allegations in the Complaint, Plaintiff "worked for Defendant at in [*sic*] Illinois. While doing so, Plaintiff was a citizen of Illinois." *See* Compl. ¶ 1.

17. Plaintiff further alleges that "Defendant Armada Warehouse Solutions, LLC is a Pennsylvania corporation with places of business in Illinois." *Id.* at ¶ 2.

18. In reality, Armada is a Pennsylvania limited liability company with a principal place of business in Pennsylvania. *See* McGowan Decl. at ¶ 1. Armada has a place of business in Illinois, located in Romeoville, Illinois, but it is not Armada's principal place of business. *Id.*

19. Armada, a limited liability company, has a single member – Armada Partners, L.P. – which is a citizen of Delaware. *Id.* Accordingly, Armada is not a citizen of Illinois for purposes of diversity jurisdiction, and minimal diversity therefore exists under 28 U.S.C. §1332(d)(2)(A). *See, e.g.*, *Marconi v. Indiana Municipal Power Agency*, 2015 WL 4778528, at *5 (N.D. Ill. 2015) (finding minimal diversity pursuant to CAFA where one plaintiff was a citizen of Illinois and four of the five defendants were alleged to be citizens of states other than Illinois).

**B.  Number Of Class Members**

20. Plaintiff purports to bring this action on behalf of "[a]ll persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant in Illinois during the applicable statutory period." *See* Compl. ¶ 71.

21. Brian McGowan, Armada's CFO, has confirmed that the potential class size for the relevant time period exceeds 100 individuals. *See* McGowan Decl. ¶ 5.

22. Accordingly, the Court can properly infer that the proposed class consists of more than 100 members, satisfying the requirement in CAFA that the proposed class consist of more than 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

**C.  Amount In Controversy**

23. The amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA requires that "the claims of the individual class members shall be aggregated[.]" *See* 28 U.S.C. §1332(d)(6). Although Plaintiff

has not alleged a specific amount of damages, CAFA's amount in controversy threshold is met here based on Plaintiff's allegations and the overall damages sought.

24. As noted above, the potential class size exceeds 100 individuals. *See* McGowan Decl. at ¶ 5.

25. BIPA provides statutory damages of $1,000 for each negligent violation and $5,000 for each intentional or reckless violation, with damages calculated "for each violation." *See* 740 ILCS 14/20. Given that Plaintiff alleges: (a) Defendants purportedly violated the BIPA four times for Plaintiff and members of the proposed class; (b) each of those violations was reckless and subject to a $5,000 statutory fine; and (c) there are "hundreds" of individuals in the proposed class; and (d) Plaintiff asserts a violation occurred each time an individual scanned in and out for the day and for lunch, the amount in controversy in this case will easily exceed the threshold requirement. *See Cothron*, 2020 U.S. Dist. LEXIS 141391 (N.D. Ill. Aug. 7, 2020) (holding "per scan" violation theory of damages under BIPA is plausible). The putative class is in excess of 100 persons. *See* McGowan Decl. ¶ 5. Based on Plaintiff's allegations, each would have scanned four times per day or $20,000/day per employee. Assuming a mere 100 employees who worked for only one five-day work week, the alleged damages readily exceed $10 million (100 x $20,000 x 5 = $10 million). Therefore the amount in controversy in this case will easily exceed the threshold requirement. *See, e.g.*, *Appert v. Morgan Stanley*, 673 F.3d 609, 617-18 (7th Cir. 2012) ("Morgan Stanley has provided a good-faith estimate that plausibly explains how the stakes exceed $5 million. That is sufficient."); *Bloomberg v. Service Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."); *Spivey v. Vertrue*, 528 F.3d 982, 986

7

(7th Cir. 2008) (noting that for removal purposes under CAFA, defendant need only show that the recovery at the $5,000,000 jurisdictional threshold is not "legally impossible").

### III. COMPLIANCE WITH REMOVAL STATUTE

26. The Notice of Removal was properly filed in the United States District Court for the Northern District of Illinois, because the Circuit Court of Cook County, Illinois is located in this federal judicial district. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

27. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

28. The Complaint was served on Armada on January 19, 2021. *See* Exhibit E to the Declaration of Kenneth D. Walsh, attached hereto as Exhibit 1. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within 30 days of service of the initial pleading.

29. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Armada, as well as all those filed in this action, are attached hereto as Group Exhibits A and B to the Declaration of Kenneth D. Walsh, attached hereto as Exhibit 1.

30. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff, and a copy, along with a Notice of Filing of the Notice of Removal, is being filed with the Clerk of the Circuit Court of Cook County, Illinois today. There are no other defendants to this action who would require consent for removal.

### IV. CONCLUSION

31. Armada respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further

proceedings in this matter in the Circuit Court of Cook County, Illinois. Armada further requests whatever other relief the Court deems appropriate or is just and proper.

Dated: February 18, 2021  **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: */s/ Kenneth D. Walsh*
    One of Its Attorneys

Mary A. Smigielski
Kenneth D. Walsh
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: 312.345.1718
F: 312.345.1778
Mary.Smigielski@lewisbrisbois.com
Kenneth.Walsh@lewisbrisbois.com

*Attorneys for Defendant Armada Warehouse Solutions, LLC*